## SUTER v. REDNOUR. *
### No. 15089.

Court of Appeal of Louisiana. Orleans.
May 27, 1935.

Clarence E. Strauch and Samuel J. Tennant, Jr., both of New Orleans, for appellant.

Yarrut & Stich, of New Orleans, for appellee.

LECHE, Judge.

From a judgment rejecting his claim for workmen's compensation, plaintiff has appealed to this court.

Plaintiff, a young man 24 years of age, left his home in Illinois in an old automobile and headed South, doing odd jobs along the way, finally arriving in the city of New Orleans, where he became acquainted with defendant through defendant's nephew. Defendant was engaged in the hauling and storage business, having an establishment on Louisiana avenue and a warehouse on Erato street. Plaintiff was permitted by defendant to sleep in his warehouse and to do odd jobs from time to time. The record shows that he not only did jobs for defendant, but also for others, and appears to have been paid no regular compensation. On July 9, 1932, one of defendant's trucks, in charge of two negro employees, left the establishment on Louisiana for a destination in the state of Florida, and plaintiff boarded this truck and accompanied it on the trip. While in Florida, the truck was involved in an automobile collision, and plaintiff sustained injuries to his arm, for which he filed this suit in compensation.

The question involved, solely one of fact, is whether or not the relationship of master and servant existed between plaintiff and defendant so as to form the basis of a claim in compensation. Our appreciation of the record, as stated, is that plaintiff did odd jobs not only for defendant, but for others. In fact, on the very day that the truck left, he was working for the Cola-Hiball Company, which is located in the same building as defendant's business. Plaintiff was the only witness on his own behalf, and testified that he was ordered by defendant to make the trip as a mechanic in case trouble occurred while going to or returning from Florida. As opposed to this, defendant produced eight witnesses, whose testimony tended to show that plaintiff was not employed by defendant to make the trip, but in fact actually ordered not to do so.

There is no evidence whatever, aside from plaintiff's testimony, that he received regular compensation from defendant, and our appreciation of the record is that defendant was

*Rehearing denied June 24, 1935.

actuated more by charitable purposes than anything else in extending some assistance to plaintiff, who was traveling around the country earning what he could where he could. Nearly a year elapsed before an appeal was taken in this case. Plaintiff lays great stress on two certain documents filed in evidence. One is a telegram dated July 12th, addressed to Dr. Bates at Lake City, Fla., wherein defendant said: "Truck will pick up Jack Suter Will be responsible for bill," from which plaintiff argues that defendant recognized his liability under the Workmen's Compensation Law. However, we do not think so. Defendant did not say "I *am* responsible," but said "*will be* responsible," thereby assuming in writing the debt of a third person, which is an enforceable obligation in every state of the Union under the statute of frauds. This was perfectly consistent with defendant's actions throughout and the kindness displayed by him to the young man who was brought to him by his nephew. The other document is a letter written on July 21, 1932, to plaintiff's mother in Illinois, wherein defendant said: "You should not worry, as we are responsible for all his expenses and can assure everything will come out all right."

This is a further display of the charitable attitude of defendant and the statement, "We are responsible for all expenses" refers, not to responsibility under the Workmen's Compensation Law (Act No. 20 of 1914 as amended), but the responsibility voluntarily assumed by the telegram of July 12, wherein defendant guaranteed payment of the doctor's bill. The learned trial judge, who saw and heard the witnesses and assigned written reasons for his judgment, will not be reversed by us on purely questions of fact where there is no manifest error in his finding.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.